UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No:

PRITPAL OBEROI,

    Plaintiff,

v.

HUBLOT OF AMERICA, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, PRITPAL OBEROI, (herein referred to as "Plaintiff" and/or "OBEROI"), by and through her undersigned counsel, hereby files this Complaint against Defendant, HUBLOT OF AMERICA, INC. (hereinafter referred to as "Defendant" and/or "HUBLOT"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and 29 U.S.C. § 2601, et. seq., the Family and Medical Leave Act ("FMLA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. OBEROI is a resident of Broward County, Florida. During all times relevant to this Complaint, OBEROI was employed by Defendants as a customer service representative. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA. To wit: OBEROI was a customer service representative and worked with products that were transported across state lines.

6. Defendant HUBLOT is a corporation organized and existing under and by virtue of the laws of the State of Florida with its principal place of business in Fort Lauderdale, Broward County, Florida. HUBLOT has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Specifically, HUBLOT is a high end watch company and its employees, including OBEROI, regularly handled goods which were transported across state lines.

8. At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce.

9. HUBLOT upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines. HUBLOT is therefore covered as an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(s).

10. HUBLOT, upon knowledge and belief, employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2021 or 2022, and therefore is a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A)(i).

11. By February 2022, OBEROI had been employed by Defendant for over 12 months, and she had performed at least 1,250 hours of service for Defendant during the previous 12-month period. Plaintiff was therefore an eligible employee under the FMLA, 29 U.S.C. § 2611(2).

## GENERAL ALLEGATIONS

12. OBEROI worked for Defendant from March 2003 until August 12, 2022.

13. Plaintiff was non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter.

14. Plaintiff regularly worked, with minimal exception[1], in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

15. During her employment, OBEROI regularly worked approximately forty-five (45) to fifty (50) hours per week.

16. Throughout her employment with Defendant, Plaintiff was routinely only paid for forty (40) hours per week despite working up to forty-five (45) to fifty (50) hours per week.

17. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that OBEROI performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

18. Defendant and its representatives knew that OBEROI was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

---

[1] Plaintiff did not work more than forty (40) hours in a workweek from March 2020 until August 2020, due to the COVID-19 pandemic.

19. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

20. In the course of employment with Defendant, OBEROI worked the number of hours required of her, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

21. OBEROI averaged approximately forty-five (45) to fifty (50) hours per week during the relevant time frame of each and every week for the proceeding three (3) calendar years of the filing of this Complaint with the exception of the time period of March 2020 through August 2020.

22. Defendant willfully failed to record all time worked by OBEROI and/or willfully misclassified OBEROI as exempt from overtime.

23. The records, if any, concerning the number of hours actually worked by Plaintiff are in the possession, custody, and control of Defendant.

24. In February 2022, OBEROI took a short amount of time off from work when her husband had surgery.

25. OBEROI was told by her director to let her know if she needed additional time off to care for her husband.

26. Following her husband's surgery, OBEROI requested permission to work from home or additional time off to care for her husband while he was recovering.

27. OBEROI's supervisor denied her request to care for her husband as he recovered from surgery.

28. HUBLOT was aware of OBEROI's request to care for her husband as he recovered from surgery.

29. HUBLOT knew or should have known that OBEROI's request may have been for an FMLA-qualifying reason which triggered HUBLOT's obligation to provide OBEROI with notice of her rights and responsibilities under the FMLA.

30. HUBLOT failed to provide OBEROI the required notice of her rights and responsibilities under the FMLA.

31. Due to HUBLOT's failure to provide OBEROI of her rights and responsibilities under the FMLA, HUBLOT effectively interfered with OBEROI's ability to take FMLA leave to care for her husband while he recovered from surgery.

32. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

33. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this Action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

34. Plaintiff re-alleges and re-avers paragraphs 1–33 as fully set forth herein.

35. Since the commencement of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. § 207] by employing workers engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one half times the regular rates for which they were employed.

36. Specifically, OBEROI worked an average of forty-five (45) to fifty (50) hours during each work week in which she was employed with minimal exception, but was not compensated at one and one half times her regular rate.

37. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she were neither bona fide executive, administrative, or professional employees.

38. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

39. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

40. Defendant knew Plaintiff was not exempt from overtime but refused to pay her at a rate of time and one-half her regular rate.

41. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

42. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff PRITPAL OBEROI demands judgment for:

   a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

   b) Interest on the amount found due;

   c) Liquidated damages;

   d) A jury trial on all issues so triable;

  e)  Assessment against Defendant of reasonable costs and reasonable attorney's fees of this action; and

  f)  Such other relief as the Court deems just and proper.

**COUNT II: VIOLATION OF THE FMLA**
**(INTERFERENCE)**

43. Plaintiff re-alleges and re-avers paragraphs 1 – 33 as fully set forth herein.

44. Plaintiff was eligible for FMLA leave to care for her husband following his surgery pursuant to 29 U.S.C. § 2612(a)(1)(A).

45. Defendant is a covered employer as defined by 29 U.S.C § 2611(4)(A)(i) in that, upon knowledge and belief, Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2022 or 2021.

46. In February 2022, Plaintiff requested to work from home and/or time off to care for her husband as he recovered from surgery.

47. Under the FMLA, 29 USC § 2614(a), Plaintiff had the right to take leave to care for her husband, and be restored to her position.

48. Upon knowledge that Plaintiff's request for leave may be for an FMLA-qualifying reason, Defendant was required to notify Plaintiff of her rights and responsibilities under the FMLA within five (5) days.

49. Defendant failed to inform Plaintiff of her rights and responsibilities under the FMLA which interfered with Plaintiff's rights under the FMLA.

50. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

51. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages pursuant to the FMLA, 29 U.S.C. § 2617(a).

52. Plaintiff has retained the services of the undersigned firm and is obligated to pay attorney's fees should she recover damages from Defendant.

53. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff PRITPAL requests judgment for:

a. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. § 2617;

b. Interest on the amount found due;

c. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

d. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

e. Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, PRITPAL OBEROI, hereby demand a trial by jury on all issues contained herein so triable as a matter of right.

Dated: November 11, 2022.

        LAW OFFICES OF CHARLES EISS, P.L.
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 112
        Plantation, Florida 33324
        (954) 914-7890 (Office)
        (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        SHANNA WALL, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com
        JORGE GONZALEZ, Esq.
        Fla. Bar #0051672
        jorge@icelawfirm.com